UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Asa Gordon, DC registered voter, Pro Se )
Douglass Institute of Government )
1667 Webster St. NE )
Washington, DC 20017 )
(202) 635-7926 )
dignews@aol.com )

Case: 1:16-cv-02458         (F-Deck)
Assigned To : Leon, Richard J.
Assign. Date : 12/16/2016
Description: Pro Se Gen. Civil

    Plaintiff,

VS.                                )

National Archives and Records Administration(NARA) )

David S. Ferriero )

Archivist of the United States )

Oliver Potts )
Director, Office of the Federal Register (OFR) )

U.S. National Archives and Records Administration )
700 Pennsylvania Ave., NW )
Washington, DC 20408 )
(202) 741-6030 )

    Defendants.

## COMPLAINT FOR DECLARATORY RELIEF IN THE NATURE OF MANDAMUS, AND OTHER INJUNCTIVE RELIEF

### I. INTRODUCTION

1. This is a civil and class action for declaratory and mandatory relief, authorized by the Declaratory Judgement Act, 28 U.S.C. § 1361, Writs, 28 U.S.C. § 1361 and the Administrative Procedure Act,. et seq. Plaintiff sues the defendant, David S. Ferriero, in his official capacity as Archivist of the United States of America and the defendant Oliver Potts, in his official capacity as Director, Office of the Federal Register of the National Archives and Records Administration, and request that this Court issue a Writ of Mandamus: (1) ordering the defendants to inform the

Governors and presidential electors meeting on December 19, 2016 in the eleven state capitals of: Alabama(3), Arizona(5), Georgia(7), Indiana(4), Iowa(3), Michigan(8), North Carolina,(7) Pennsylvania(10), South Carolina (4), Tennessee(4) and Wisconsin(5), (This is the apportionment of electors based on the proportional allocation of electors ) that the electors pledged to candidate Hillary Clinton, will suffer an abridgment of their votes in violation of the malapportionment penalty clause of the Second Section of the Fourteenth Amendment to the Constitution pursuant to Title Two Section Six of the United States Code (2 U.S.C§6). The election codes of the aforementioned states do not specify a "Winner Take All" statute that explicitly awards the states' presidential electors to the candidate that wins a majority of the votes cast in the state (i.e. unbounded states) and; (2) assure that their Certificates of Votes for the aforementioned states abide by the Amend14§2 Constitutional mandate to allocate the states' electors in proportion to the popular vote cast or suffer a reduction in Congressional representation pursuant to 2U.S.C§6. Furthermore, issue a writ ordering the defendants to inform the unbounded state executives of the negligent exclusion of section 2 of the Fourteenth Amendment to the Constitution and the "Reduction of Representation" federal code 2 U.S.C§6 in the NARA pamphlet entitled, *Provisions of the Constitution and United States Code relating to Presidential Elections*. This pamphlet is provided to the Governor of each state and the Mayor of the District of Columbia by the archivist of the United States prior to presidential elections. Thus we also move this Court to issue a Writ of Mandamus ordering the defendants to include Art.14§2 of the United States Constitution and its enabling United States Code 2USC§6 in the pamphlet prior to distribution before the next presidential election, and to order such other equitable relief as may be just and proper. As grounds therefor, the plaintiffs allege as follows:

## II. JURISDICTION

2. This Court has jurisdiction over the present action pursuant to 28 U.S.C. §1331, Federal Question Jurisdiction (this action being one that arises under the Constitution and the laws of the United States, specifically 3 U.S.C. § 6, 11, 12, 13); and the 1st,4th,5th, 9th,14th Amendment to the U.S. Constitution; 28 U.S.C. Section 2201, the Declaratory Judgment Act; 5 U.S.C. § 702 and the Administrative Procedures Act; 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his/her duty, and 28 U.S.C. § 1651 issue all writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the usages and principles of law.

### III. VENUE

3. 28 U.S.C. Section 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Plaintiff is a resident of the District of Columbia and Defendant National Archives and Records Administration (NARA) is an agency which operates within this district with headquarters in Washington, D.C.

### IV. PRELIMINARY STATEMENT

4. Plaintiff on Nov. 28, 2016 in a letter to the Archivist delivered by regular mail, email, and personal delivery to NARA II at to the receiving desk at 8601 Adelphi Road, College Park, MD 20740 served <u>Notice of Potential Complaint for Declaratory Relief in the Nature of Mandamus and other Injunctive Relief.</u> , if the OFR fails to inform 11 unbounded state Governors and Electors before the December 19, 2016 meeting of Electors in the state capitals that the resultant Certificates of Votes must conform to the Amend14§2 Constitutional mandate to allocate the states' electors in proportion to the popular vote cast.

5. The Archivist of the United States is required by law to perform certain functions relating to the Electoral College (3 U.S.C. sections 6, 11, 12, 13). The Archivist has delegated to the Director of the Federal Register the authority to carry out the administration of the Electoral College process.

6. The Office of the Federal Register (OFR) and the National Archives and Records Administration (NARA), responsible for the oversight in the Presidential Election, declares that:

    "There is no Constitutional provision or Federal law requiring Electors to vote in accordance with the popular vote in their States"

    For the 11 states identified here, there is even the absence of a state law requiring Electors to vote in accordance with the popular vote in their States.

### V. PLAINTIFF

7. Plaintiff, Asa Gordon is a U.S. citizen and resident of the District of Columbia and is Executive Director of the Douglass Institute of Government, a think tank, an unincorporated

3

association composed of social analysts and historical scholars who seek to analyze societal and governmental action based upon the simple premise of determining whether the path of action chosen provides the public service intended. The Douglass Institute of Government provides information to serve the public interest by insuring that Government officials are not negligent in the exercise of functions that are either granted in statute or are assumed by Government agents to fulfill their perceived responsibilities.

## VI. DEFENDANTS

8. Defendant David S. Ferriero, Archivist of the United States is required by law to perform certain functions relating to the electoral college (3 U.S.C. sections 6, 11, 12, 13). The Archivist has delegated to the Director of the Federal Register the authority to carry out the administration of the Electoral College process. He is sued in his official capacity only. Defendants' have been unresponsive and totally dismissive of plaintiff's request.

9. Defendant Oliver Potts, Office of the Federal Register, coordinates the functions of the Electoral College on behalf of the Archivist of the United States, the States, the Congress, and the American People. He is sued in his official capacity only. Defendants' have been unresponsive and totally dismissive of plaintiff's request.

## VII. STATEMENT OF FACTS

10. The allocation of Presidential Electors, since the ratification of the 14th Amendment in July 1868, has been un-Constitutional in some states. Pursuant to the malapportionment penalty clause of the second section of the 14th Amendment ( http://constitutionus.com/# ), and pursuant Title Two Section Six of the United States Code (2 U.S.C.§6), electors in at least eleven states must be apportioned to the presidential candidates in those states based on the percentage of the popular vote they received in those states. Currently at least eleven (11) states allocate all of their electors to the candidate who merely wins a plurality (not even a majority) of the state's popular vote, absent a specific state law stipulating a Winner Take All provision to their allocation.

11. These eleven unbounded states are Alabama (with 3 electors pledged to Ms. Clinton), Arizona (5

for Clinton), Georgia (7 for Clinton, 1 for Mr. Johnson), Indiana (4 for Clinton, 1 for Johnson), Iowa (3 for Clinton), Michigan (8 for Clinton), North Carolina (7 for Clinton), Pennsylvania (10 for Clinton), South Carolina (4 for Clinton), Tennessee (4 for Clinton), and Wisconsin (5 for Clinton).This is the apportionment of electors based on the proportional allocation of electors. .

12. "On the first Monday after the second Wednesday in December", as provided by 3 U.S.C. §7, Electors pledged to Ms. Clinton and Mr. Johnson, in at least these eleven states, have Constitutional standing to demand being seated as Electors from these states at the Electoral College and cast their proportional votes on December 19, 2016.

13. The explicit consequence of the Constitutions' malapportionment penalty clause allocation of electors is:
306-62=244 electors allocated to Trump
232+60=292 for Clinton
With 2 electors awarded to Johnson.
(CNN PE Results, Dec. 2, 2016).
Explicitly Clinton with a majority in the popular vote also has a constitutionally mandated majority in the Electoral College.

14. "Despite the circumlocution, slavery was sanctioned throughout the Constitution. ... Art. I, sec. 2, par. 3. The three-fifths clause provided for counting three-fifths of all slaves for purposes of representation in Congress. ...The most prominent indirect protections of slavery were: Art. II, sec. 1, par. 2. This clause provided for the indirect election of the President through an electoral college based on congressional representation. This provision incorporated the three fifths clause into the Electoral College and gave whites in slave states a disproportionate influence in the election of the President. "_Garrison's Constitution, The Covenant with Death and How It Was Made, By Paul Finkelman, Prologue, Quarterly of The U.S. National Archives and Records Administration, winter 2000, Vol. 32, No. 4.

15. The disproportionate Southern white minority privilege quotas established in the 1787 Constitutional Convention worked well. The Southern white minority privilege quotas favored the slave state of Virginia with over a quarter of the electors required to elect a President, resulting in the election of white slaveholding Virginian to the presidency for 32 of the

Constitution's first 36 years. A slaveholder served as president for 50 of the nation's first 60 years. From the constitutional convention of 1787 to the election of 1860 at the dawn of the Civil War, only two Presidents were elected who were not favorable to slavery. .

16. The constitutional framers of 1787 established a rigged electoral franchise predicated on racial quotas that disproportionately favored a white minority. The original constitution of 1787 racially privileged white minority affirmative action articles is reconstituted in our time by the mechanism of "winner take all" politics that is not grounded in the Constitution or Federal law. Furthermore "winner-take-all" explicitly violates the plain text of the second section of the Fourteenth Amendment mal-apportionment penalty clause. .

17. The Supreme Court ruled in Fortson v. Dorsey (1965) that "at-large voting always operates to minimize or cancel out the voting strength of racial or political elements of the voting population". .

## VIII. INJURY TO PLAINTIFF

18. If the aforementioned Electoral College voting rights pursuant to Amend14§2 as implemented by 2U.S.C§6 are not communicated to the public, the Governor, and the presidential electors of the "unbounded" states and appropriate action taken by NARA on this matter by December 19th, NARA will aid and abet the election of a neo-redeemer Chief Executive and the reemergence of neo-redemption politics in our time injurious to all non-white citizens of our nation. The Redeemers were an eclectic group of individuals dedicated to the reversal of the civil rights gains of the former enslaved blacks during Reconstruction, and the restoration of political dominance by white supremacy.

19. Michael Keegan, president of the progressive pressure group People for the American Way, declares: "By choosing Steve Bannon as chief strategist, Trump has made clear that he intends to carry the racism and antisemitism of his campaign straight into the White House. The website Bannon ran is a home for the white nationalist right that elevates racist, xenophobic, anti-Semitic tirades and conspiracy theories."

20. Adam Jentleson, a spokesman for Senate Democratic leader Harry Reid, has declared: "It is easy to see why the KKK views Trump as their champion when Trump appoints one of the foremost peddlers of White Supremacist themes and rhetoric as his top aide."

21. The Southern Poverty Law Center, an anti-hate speech watchdog, wrote in an open letter: "Bannon presided over a news empire where he, according to former staffers, 'aggressively pushed stories against immigrants, and supported linking minorities to terrorism and crime'... "Under Bannon, Breitbart published a call to 'hoist [the Confederate flag] high and fly it with pride' only two weeks after the Charleston massacre when the country was still reeling from the horrors of the murders.

22. John Weaver, a party strategist who worked for Ohio Governor John Kasich's presidential campaign, tweeted: "The racist, fascist extreme right is represented footsteps from the Oval Office. Be very vigilant, America."

23. Donald Trump, the affirmative action minority popular vote Presidential candidate, has declared his intent to appoint Sen. Jeff Sessions (R-Ala.) as attorney general. In 1986, a Senate committee denied Sessions, then a 39-year-old U.S. attorney in Alabama, a federal judgeship. His former colleagues testified Sessions used the n-word and joked about the Ku Klux Klan, saying he thought they were "okay, until he learned that they smoked marijuana."

24. The Southern Poverty Law Center's Heidi Beirich, who tracks hate speech, said Sessions is guilty of it, and that his mere presence in Trump's inner circle is "a tragedy for American politics."

## IX. CLAIM FOR RELIEF

25. Plaintiff realleges paragraphs 1 through 24 herein as fully set forth.

26. Plaintiff is entitled to an order in the nature of a mandamus to compel Defendants to inform the unbounded state Governors and Electors that the December 19, 2016 meeting of Electors in the state capitals must abide by the Amend14§2 Constitutional mandate to allocate the states' electors in proportion to the popular vote cast.

27. Plaintiff is entitled to an order in the nature of a mandamus to compel Defendants to examine the Certificates of Votes from the unbounded states received by NARA before the statutory deadline of Dec. 28th, 2016 for legal sufficiency to ensure that the Certificates of Votes adheres to the proportional allocation of electors pursuant to Title Two Section Six of the United States Code (2 U.S.C.§6).

28. Plaintiff is entitled to an order in the nature of a mandamus to compel Defendants to reject Certificates of Votes that only record the award of electors by the least fair allocation of presidential electors on a winner-take-all basis ungrounded in State Law, Federal Law or the US Constitution over the obviously more fair proportional allocation of presidential electors based on Amend14§2, as enforced by 2U.S.C§6.

29. Plaintiffs are entitled to an order in the nature of mandamus to compel Defendants to include Section 2 of the 14th Amendment (**Amend.14§2**) and its enabling statutory code section 6 of title 2 of the United States Code (**2U.S.C.§6**) in the pamphlet "*Provisions of the Constitution and United States Code relating to Presidential Elections*" as a permanent feature.

30. Plaintiffs are entitled to an order in the nature of mandamus to compel Defendants to contact State Governors to inform them of their exclusion of **Amend.14§2** and **2U.S.C.§6** in the pamphlet mailed to them prior to the November 8, 2016 presidential election entitled, *Provisions of the Constitution and United States Code  relating to Presidential Elections* .

31. Defendants owe Plaintiff the duty to act upon his request and have unreasonably failed to perform that duty. Plaintiff provided all relevant information and facts needed for them act.

32. Plaintiff is eligible for payment of related expenses, and costs pursuant to the Equal Access to Justice Act, 28 U.S.C.§2412.

## **X. PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court grant the following relief:

(1) Assume jurisdiction of this cause;

(2) That Judgment be entered ordering Defendants to inform the unbounded state Governors and Electors that the December 19, 2016 meeting of Electors in the state capitals must abide by the Amend14§2 Constitutional mandate to allocate the states' electors in proportion to the popular vote cast.

(3) That Judgment be entered to compel Defendants to examine the Certificates of Votes from the unbounded states received by NARA before the statutory deadline of Dec. 28th, 2016 for legal sufficiency to ensure that the Certificates of Votes adheres to the proportional allocation of electors pursuant to Title Two Section Six of the United States Code (2 U.S.C.§6).

(4) That Judgment be entered to compel Defendants to reject Certificates of Votes that only record the award of electors by the least fair allocation of presidential electors on a winner-take-all basis ungrounded in State Law, Federal Law or the US Constitution over the obviously more fair proportional allocation of presidential electors based on Amend14§2, as enforced by 2U.S.C§6.

(5) That Judgment be entered to compel Defendants to contact State Governors and the Mayor of the District of Columbia to inform them of their exclusion of **Amend.14§2** and **2U.S.C.§6** in the pamphlet mailed to them prior to the November 8, 2016 presidential election entitled, *Provisions of the Constitution and United States Code relating to Presidential Elections.*

(6) Declare that Defendants' actions are an arbitrary and capricious abuse of discretion;

(8) That Plaintiff's be awarded allowed costs and expenses under the Equal Access to Justice Act; and

(9) That the Court grant such other and further relief as this Court deems proper under the circumstances.

Dated: _____Dec. 16, 2016_____

Respectfully submitted,

*[signature: Asa Gordon]*

Asa Gordon,
PRO SE
Executive Director and Founder
Douglass Institute of Government
1667 Webster St. NE
Washington, DC 20017
(202) 635-7926,
E-mail: electorsus@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2016, a copy of " **COMPLAINT FOR DECLARATORY RELIEF IN THE NATURE OF MANDAMUS, AND OTHER INJUNCTIVE RELIEF** " was filed with the Court and served via first class mail on the following:

Assistant United States Attorney
555 Fourth Street. N.W., 10th Fl.
Washington, D.C. 20530

Oliver Potts
Director, Office of the Federal Register (OFR)
U.S. National Archives and Records Administration
700 Pennsylvania Ave., NW
Washington, DC 20408
(202) 741-6030

_____
Asa Gordon, PRO SE
1667 Webster Street, N.E.
Washington, D.C. 20017
(202) 635-7926