## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ASA GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 16-2458 (RJL) |
| | ) | |
| | ) | |
| NATIONAL ARCHIVES AND | ) | |
| RECORDS ADMINISTRATION, | ) | |
| DAVID S. FERRIERO, and OLIVER | ) | **FILED** |
| POTTS, | ) | **JUN 2 0 2017** |
| | ) | |
| Defendants. | ) | Clerk, U.S. District & Bankruptcy |
| | | Courts for the District of Columbia |



## MEMORANDUM OPINION
(June *19*, 2017) [# 7]

Pro se plaintiff, Asa Gordon ("Gordon" or "plaintiff"), filed this action against the National Archives and Records Administration ("NARA" or "the Agency") and two of its officials (collectively, "defendants") seeking declaratory and injunctive relief from the way in which the Agency runs the Electoral College system. Specifically, he contends that there are eleven states whose state laws do not require a winner-take-all allocation of electoral votes, and therefore the Fourteenth Amendment requires these states to allocate their electoral votes proportionally, according to the popular vote. This matter is now before the Court on Defendants' Motion to Dismiss [Dkt. # 7]. Upon consideration of the

1

parties' submissions and the entire record herein, defendants' motion is GRANTED and plaintiff's case will be DISMISSED with prejudice.[1]

## BACKGROUND

Plaintiff identifies himself as Executive Director of the Douglass Institute of Government, an advocacy think tank. *See* Complaint at ¶ 7. He is a U.S. citizen, resident of the District of Columbia, and voter in the 2016 presidential election. *Id.*; Proposed Amended Complaint at ¶ 14. Gordon alleges that the allocation of presidential electors has been unconstitutional in some states since the ratification of the Fourteenth Amendment. *See* Complaint at ¶ 10. Specifically, he claims that there are eleven unbounded states,[2] and pursuant to 2 U.S.C. § 6, electors in those states must be apportioned to the presidential candidates based on the percentage of the popular vote they received. *Id.* Otherwise, Gordon alleges, these states violate Section 2 of the Fourteenth Amendment, which penalizes states for abridging the right of citizens to vote by reducing the number of their Representatives in Congress. *Id.* at ¶ 18; U.S. CONST. amend. XIV, § 2.

To remedy this alleged violation, plaintiff seeks an order requiring that NARA: (1) inform state governors that the electors must abide by the Fourteenth Amendment

---

[1] On February 10, 2017, plaintiff moved for leave to file an amended complaint [Dkt. # 12] in an attempt to bolster the facts supporting his claim of Article III standing. There are no new factual allegations in his proposed amended complaint, however, that would alter this Court's ruling on Article III standing. His motion is therefore DENIED as moot. Plaintiff also filed a motion to present oral argument for summary judgment [Dkt. # 2]. Because this Memorandum Opinion dismisses plaintiff's claim with prejudice, that motion is also DENIED as moot.

[2] Plaintiff identifies these eleven states as: Alabama, Arizona, Georgia, Indiana, Iowa, Michigan, North Carolina, Pennsylvania, South Carolina, Tennessee, and Wisconsin. *See* Complaint at ¶ 11.

during their December 19 meetings and notify them that reference to Section 2 of the Fourteenth Amendment should have been included in the information packet sent to them; and (2) examine the Certificates of Vote to ensure that they comply with plaintiff's reading of Section 2 of the Fourteenth Amendment and reject those that do not. *See* Complaint at 9.

On January 3, 2017, Gordon filed a motion for a temporary restraining order and preliminary injunction, seeking to compel defendants to reject Certificates of Vote that allocate electoral votes on a winner-take-all basis where state law does not so require. Pl.'s Mot. for Temp. Restraining Order and Preliminary Injunction at ¶ 5. I heard argument on the motion on January 9, 2017 and denied the motion for a temporary restraining order as moot. *See* January 9, 2017 Minute Entry. Plaintiff's motion for a preliminary injunction is all that remains.

## STANDARD OF REVIEW

Article III of the U.S. Constitution restricts federal court jurisdiction to cover only "cases" and "controversies." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). The burden is on the party invoking federal jurisdiction to show that he has standing to sue. *Id.* at 561. To satisfy Article III's jurisdictional requirement, a plaintiff must establish three elements: (1) that he suffered an injury-in-fact that is "concrete and particularized," and "actual or imminent, not conjectural or hypothetical"; (2) that there is a causal connection between the injury and the conduct complained of that is "fairly traceable" to the action challenged; and (3) that it is likely—as opposed to "merely speculative"—that the injury will be redressed by a favorable decision. *Id.* at 560-61

3

(internal quotation marks and alterations omitted). Because standing is essential to a federal court's subject matter jurisdiction, the Court must first determine whether plaintiff has satisfied Article III's standing requirement before examining the merits of his complaint. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 98 (1998).

## ANALYSIS

The problem for Gordon—among others—is that he has not established an injury sufficient to satisfy Article III's injury-in-fact requirement. Plaintiff's constitutional theory is not a new one; he has filed at least seven lawsuits substantially similar to this one, and each has been dismissed, with three dismissed for lack of standing.[3] But no new facts alleged in the present complaint alter the fatal shortcomings of his case. Gordon resides—and votes—only in Washington, D.C., which is not one of the unbounded states whose electoral systems he challenges. *See* Complaint at ¶¶ 7, 11. He therefore has suffered no direct infringement on his own right to vote. Indeed, as our Circuit noted in one of plaintiff's more recent Electoral College challenges, Gordon "is not injured by the operation of the [eleven] states' winner-take-all systems because he does not vote in

---

[3] Gordon's previous related lawsuits include: (1) a suit against former Vice President Richard Cheney, *Gordon v. Cheney*, No. 1:05–cv–00006 (HHK) (D.D.C. 2005) (voluntarily dismissed on grounds of mootness); (2) a suit against the mayor of the District of Columbia, *Gordon v. Williams*, No. 1:04–cv–01904 (HHK) (D.D.C. 2005) (dismissed for plaintiff's failure to respond to show cause order); (3) another suit against the National Archives and Records Administration, *Gordon v. Nat'l Archives and Records Administration*, No. 1:02–cv–01551 (TPJ) (D.D.C. 2003) (dismissed with prejudice for lack of standing); (4) a suit against former Vice President Albert Gore, *Gordon v. Gore*, No. 1:00–cv–03112 (RCL) (D.D.C. 2001) (voluntarily dismissed); (5) a suit against former Senate majority leader Trent Lott, *Gordon v. Lott*, 1:00–cv–03087 (RCL) (D.D.C. 2000) (voluntarily dismissed); (6) a suit against former Vice President Joseph Biden, *Gordon v. Biden*, 606 F. Supp. 2d 11, 13 (D.D.C. 2009) (dismissed for lack of standing), *aff'd* 364 F. App'x 651 (D.C. Cir. 2010); and (7) a suit against the clerk of the United States House of Representatives, *Gordon v. Haas*, 828 F. Supp. 2d 13, 19 (D.D.C. 2011) (dismissed for lack of standing).

those states." *Gordon v. Biden*, 364 F. App'x 651, 652 (D.C. Cir. 2010) (affirming the district court's dismissal of Gordon's complaint seeking to enjoin Vice President Joseph Biden from presiding over tabulation of five unbounded electoral states that, by practice, traditionally award presidential electors on a winner-take-all basis); *see also Gordon v. Haas*, 828 F. Supp. 2d 13, 19 (D.D.C. 2011) (dismissing Gordon's complaint against the clerk of the United States House of Representatives for lack of Article III standing). As such, plaintiff has not suffered a concrete and particularized injury sufficient to establish Article III standing.

Even if plaintiff could show that he suffered a particularized injury-in-fact, however, his theory of causation is fatally flawed because his alleged injury is caused entirely by independent actions of third parties. The Supreme Court has made clear that "the 'case or controversy' limitation of Art. III still requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Here, third party states and state officials decide how to allocate electoral votes; defendants have *no* role in these decisions. NARA provides information to state governors and election officials regarding the law governing the Electoral College, accepts Certificates of Vote, and reviews those Certificates for any technical deficiencies. *See* Defs.' Mot. to Dismiss, at 6. Crucially, the Agency in no way decides how the electoral votes from the eleven unbounded states are allocated, and it has no power to change the way states allocate their electoral votes. Plaintiff therefore has failed to plead facts sufficient to

5

satisfy Article III's causation requirement. And this result should come as no surprise to plaintiff, as his 2008 complaint against the Vice President was dismissed for largely the same reasons. *Gordon v. Biden*, 606 F. Supp. 2d 11, 14 (D.D.C. 2009), *aff'd* 364 F. App'x 651 (D.C. Cir. 2010) ("Because Gordon's alleged injury is not 'fairly traceable' to the Vice President's actions, which in fact are purely ministerial, but rather is attributable to the actions of third-party states and state officials, he fails to satisfy the causation element of standing.").

Therefore, because Gordon has failed to establish an Article III injury, and because his alleged injury is not fairly traceable to defendants' actions, his claim fails for lack of standing. Accordingly, I need not—and will not—reach the merits of Gordon's claims. *See Steel Co.*, 523 U.S. at 98 ("[There are] two centuries of jurisprudence affirming the necessity of determining jurisdiction before proceeding to the merits."). For all of the foregoing reasons, plaintiff's complaint is DISMISSED with prejudice and his motion for a preliminary injunction is DENIED. A separate order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge